## Case No. 16,968.

### VIRGINIA v. ZIMMERMAN.

[1 Cranch, C. C. 47.] [1]

Circuit Court, District of Columbia. Jan. Term, 1802.

CRIMINAL LAW—ARGUMENTS OF COUNSEL—JURY.

1. In a criminal prosecution, the court will not permit counsel to argue a point of law to the jury which has been decided by the court.

[Cited in U. S. v. Cottom, Case No. 14,873.]

2. If the jury, after having retired to consider of their verdict, return into court to re-examine a witness, neither party will be permitted to ask any question of the witness, nor to make any motion to the court in the presence of the jury.

Information for keeping a slaughter-house within the limits of the town of Alexandria, contrary to the by-law of 1784.

In the trial of Virginia v. Smith [Case No. 16,967], yesterday, for the like offence, the court decided that this by-law was in force in the addition to the town made by the act of 1797.

Mr. Jones, for the defendant, after informing the jury that they were constitutional judges of the law as well as of the fact in criminal cases, was proceeding to argue the same point of law before the jury, when THE COURT stopped him, and said that the court having decided that point of law, he must not argue it before the jury.

See U. S. v. Cottom [Case No. 14,873.]

CRANCH, Circuit Judge, contra, observed that he held it to be an important point in favor of the liberties of the people that the jury, in criminal cases, had a right to decide the law as well as the facts. And if they were to decide the law, it seemed to follow that they had a right to hear the arguments of counsel upon the law; especially as the opinion of the court was not given in this, but in another case, before a different jury.

The jury having retired, asked leave to come again into court and re-examine the witnesses, which THE COURT permitted them to do; but informed the bar that in such cases neither party has a right to ask questions or to make any motion to the court in the presence of the jury.